UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michelle Weber, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PRGX USA, Inc.,<br><br>Defendant. | Case No.:_____<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## PRELIMINARY STATEMENT

1. Plaintiff Michelle Weber ("Plaintiff") brings this action against Defendant PRGX USA, Inc. ("Defendant") for unpaid overtime wages as a collective action on behalf of herself and all other similarly situated individuals.

2. Plaintiff and the similarly situated individuals are or were employed by Defendant as auditors. Plaintiff and the similarly situated individuals were misclassified by Defendant as exempt employees, and therefore have been improperly denied overtime compensation as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. These employees are similarly situated under the FLSA, 29 U.S.C. § 216(b).

3. For at least three years prior to filing this Complaint, Defendant has willfully committed widespread violations of the FLSA by failing to pay these employees overtime compensation when they work more than forty hours in a workweek.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction under 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA, 29 U.S.C. § 201 et seq.

5. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this district.

## PARTIES

6. Plaintiff Michelle Weber is an adult resident of Maplewood, Minnesota. Plaintiff has worked for Defendant as an auditor at Defendant's Maple Grove, Minnesota location from July 2010 to the present. Throughout Plaintiff's employment, Defendant classified her as an exempt employee. Plaintiff was Defendant's "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

7. Defendant PRGX USA, Inc. is a domestic corporation engaged in interstate commerce and/or the production of goods for commerce, with its principal place of business in Atlanta, Georgia. Upon information and belief, its gross annual sales made or business done has been $500,000 or greater. Defendant is Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. Plaintiff brings this action on behalf of herself and all similarly situated individuals, pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work or worked for Defendant as auditors and other similar positions, at any time from three years prior to the filing of this Complaint to the entry of judgment in this action. Plaintiff and the similarly situated individuals are and were classified as

"exempt" employees, and regularly work(ed) over forty hours per week without proper overtime compensation.

9. All facts and allegations made by Plaintiff in this Complaint are also stated, upon information and belief, as to the similarly situated individuals. Therefore, all further references in this Complaint to "Plaintiff" should also be assumed to reference all similarly situated individuals.

## FACTUAL ALLEGATIONS

10. Defendant is a business analytics and information services firm with locations across the country, including Arkansas, Arizona, Georgia, Illinois, Michigan, Minnesota, Missouri, North Carolina, Ohio, Oregon, Pennsylvania, Tennessee, Texas, Utah, Washington and Wisconsin.

11. Plaintiff and other similarly situated employees work or have worked for Defendant as auditors and other similar positions within the past three years.

12. Plaintiff's primary job duty is to perform recovery audit services for Defendant's clients, which include major grocers and retailers, by mining a client's purchasing data and looking for overpayments to the client's third-party suppliers or underpayments from the third-party suppliers to the client.

13. Defendant classified Plaintiff as an exempt employee.

14. Defendant regularly required Plaintiff to work more than forty hours in a workweek without overtime compensation.

15. Defendant knew that Plaintiff regularly worked more than forty hours in a workweek.

16. Upon information and belief, Defendant knew that Plaintiff performed work that required overtime pay.

17. Defendant's conduct has been widespread, repeated and consistent.

18. Defendant's conduct was willful and in bad faith, and has caused significant damages to Plaintiff.

19. There are numerous individuals who have also been denied overtime pay by Defendant's FLSA violations, and who would benefit from court-supervised notice of this lawsuit and the opportunity to join. These similarly situated individuals are known to Defendant, and are readily identifiable through its records.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Overtime Violations)

20. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

21. Plaintiff consents in writing to be part of this action pursuant to the FLSA, 29 U.S.C. § 216(b). (See Ex. A.) Three additional plaintiffs have also consented to bring overtime claims against Defendant by filing written consent forms with this Court. (See Ex. B.) As the case proceeds, it is likely that other individuals will sign consent forms and join this case.

22. At all times relevant, Defendant has been an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203, and has employed employees, including Plaintiff. Defendant's gross annual sales made or business done has been $500,000 or greater.

23.   The FLSA requires covered employers such as Defendant to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207.

24.   During her employment with Defendant, Plaintiff regularly worked in excess of forty hours per workweek without overtime compensation. Despite the hours worked by Plaintiff, Defendant willfully, in bad faith, and knowingly violated the FLSA by failing to pay her overtime compensation.

25.   Plaintiff was misclassified as exempt by Defendant and is entitled to overtime compensation at one and one-half times her regular rate of pay for all time worked in excess of forty hours per week.

26.   By failing to pay Plaintiff her proper overtime compensation as alleged above, Defendant has willfully violated the FLSA within the meaning of 29 U.S.C. § 255(a).

## **PRAYER FOR RELIEF**

27.   WHEREFORE, Plaintiff, individually and on behalf of all similarly situated individuals, prays for judgment against Defendant as follows:

> A.   Designation of this action as a collective action and prompt issuance of court-supervised notice, pursuant to 29 U.S.C. § 216(b), to all similarly situated individuals;
>
> B.   Judgment that Defendant's practices are a violation of the FLSA, 29 U.S.C. § 201 et seq.;
>
> C.   Judgment that Defendant's practices are a willful violation of the FLSA, 29 U.S.C. § 201 et seq.;

D. Award damages to Plaintiff and the similarly situated individuals in the amount of their unpaid wages at the applicable overtime rate;

E. Award liquidated damages to Plaintiff and the similarly situated individuals in an amount equal to their overtime damages;

F. Award Plaintiff and the similarly situated individuals with interest, costs and attorney's fees incurred in prosecuting this claim;

G. Leave to amend the Complaint to additional plaintiffs and claims, if necessary; and

H. For all such further relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

28. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial.

Dated: December 16, 2011

**NICHOLS KASTER, PLLP**

*/s/ Andrew G. Chase*

Paul J. Lukas, MN Bar No. 22084X
Andrew G. Chase, MN Bar No. 0391935
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
achase@nka.com

ATTORNEYS FOR PLAINTIFF