## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Michelle Weber, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PRGX USA, Inc.,<br><br>Defendant. | Case No. 0:11-cv-03631-PJS-FLN<br><br>**DEFENDANT PRGX USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW Defendant PRGX USA, Inc. ("PRGX") and hereby answers and defends against the Complaint filed by Plaintiff Michelle Weber ("Plaintiff Weber") individually and on behalf of all members of the alleged group that Plaintiff purports to represent ("Plaintiff's Complaint").

PRGX responds to the separately numbered paragraphs of Plaintiff's Complaint as follows:

1.

In response to the allegations in Paragraph 1 of Plaintiff's Complaint, PRGX admits that Plaintiff Weber purports to bring this action as a collective action. To the extent that any of the allegations in Paragraph 1 are inconsistent with this limited admission, PRGX denies them.

2.

In response to the allegations in Paragraph 2 of Plaintiff's Complaint, PRGX admits only that Plaintiff Weber has been employed by PRGX as a Staff

Auditor and in this position she has been classified as "exempt" from the overtime provisions of the FLSA.  To the extent that any allegations in Paragraph 2 are inconsistent with this limited admission, PRGX denies them.

3.

PRGX denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4.

PRGX admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5.

In response to the allegations in Paragraph 5 of Plaintiff's Complaint, PRGX admits only that the United States District Court Minnesota is one proper venue for this case.  To the extent that any of the allegations in Paragraph 5 are inconsistent with this limited admission, PRGX denies them.

6.

PRGX lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 6 of Plaintiff's Complaint and, therefore, denies these allegations.  In response to the allegations in the second sentence of Paragraph 6, PRGX admits only that Plaintiff Weber has been employed as a Staff Auditor at PRGX's Maple Grove, Minnesota location from July 12, 2010 to the present.  To the extent that any of the allegations in the second sentence of Paragraph 6 are inconsistent with this limited admission, PRGX denies them.  PRGX admits the allegations in the third and fourth sentences of Paragraph 6.

7.

PRGX admits the allegations in Paragraph 7 of Plaintiff's Complaint.

8.

In response to the allegations in Paragraph 8 of Plaintiff's Complaint, PRGX admits that Plaintiff Weber purports to bring a collective action under the FLSA.  PRGX further admits that Plaintiff Weber was classified as exempt and that Plaintiff Weber has been employed by PRGX as a Staff Auditor from July 12, 2010 to the present.  PRGX denies the remaining allegations in Paragraph 8.

9.

PRGX lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint and, therefore, denies these allegations.[1]

10.

In response to the allegations in Paragraph 10 of Plaintiff's Complaint, PRGX admits that it is a business analytics and information services firm, with locations in various states, including Arkansas, Arizona, Georgia, Illinois, Michigan, Minnesota, Missouri, North Carolina, Ohio, Pennsylvania, Tennessee,

---

[1] While Plaintiff states that all references to "Plaintiff" should be "assumed" to include "similarly situated individuals," Plaintiff sometimes appears to use the term "Plaintiff" only in reference to Plaintiff Michelle Weber and not other "similarly situated individuals."   Accordingly, in responding to Plaintiff's Complaint, PRGX has not assumed that the term "Plaintiff" used in Plaintiff's Complaint refers to other similarly situated individuals.   Rather, PRGX has clarified when it is referring to Plaintiff Weber and when it is referring to individuals who are allegedly similarly situated to Plaintiff Weber.

Texas, Utah, and Washington.  To the extent that the allegations in Paragraph 10 of Plaintiff's Complaint are inconsistent with this limited admission, PRGX denies them.

## 11.

In response to the allegations in Paragraph 11 of Plaintiff's Complaint, PRGX admits that Plaintiff Weber has been employed by PRGX as a Staff Auditor since July 12, 2010.  PRGX further admits that other individuals have been employed by PRGX as a Staff Auditor or an Auditor within the past three years.  PRGX denies that all individuals employed in the Staff Auditor position are similarly situated.  PRGX further denies that individuals in positions other than the Staff Auditor position are similarly situated to Plaintiff Weber.  PRGX denies the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

## 12.

In response to the allegations in Paragraph 12 of Plaintiff's Complaint, PRGX admits only that the allegations in Paragraph 12 contain a general description of Plaintiff Weber's job duties.  To the extent that the allegations in Paragraph 12 of Plaintiff's Complaint are inconsistent with this limited admission, PRGX denies them.

13.

PRGX admits the allegations in Paragraph 13 of Plaintiff's Complaint.

14.

PRGX denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15.

PRGX denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16.

PRGX denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.

PRGX denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18.

PRGX denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19.

PRGX denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.

In response to the allegations in Paragraph 20 of Plaintiff's Complaint, PRGX incorporates by reference its response to the allegations in Paragraphs 1 – 19 of Plaintiff's Complaint.

21.

PRGX lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of Plaintiff's Complaint and, therefore, denies these allegations.

22.

PRGX admits the allegations in Paragraph 22 of Plaintiff's Complaint.

23.

In response to the allegations in Paragraph 23 of Plaintiff's Complaint, PRGX admits only that the FLSA requires covered employers such as PRGX to compensate all non-exempt employees in accordance with the provisions of 29 U.S.C. § 207 and other applicable law.   To the extent that the allegations in Paragraph 23 are inconsistent with this limited admission, PRGX denies them.

24.

PRGX denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.

PRGX denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.

PRGX denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.

Paragraph 27 of Plaintiff's Complaint is merely a request for relief to which no responsive pleading is required.   However, PRGX denies that Plaintiff Weber or other similarly situated individuals are entitled to any of the relief prayed for in Paragraph 27 or any other relief from this Court.

28.

In response to the allegations in Paragraph 28 of Plaintiff's Complaint, PRGX admits that Plaintiff Weber has made a demand for a jury trial, but denies that her demand is appropriate to the extent any issues or claims raised by Plaintiff Weber are properly determined by the Court and not a jury.

All other allegations or prayers for relief contained in Plaintiff's Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied.

## DEFENSES TO PLAINTIFF'S COMPLAINT

PRGX states the following defenses to the claims asserted both individually and collectively in Plaintiff's Complaint (the "Claims") but does not assume the burden of proof on any such defense except as required by applicable law with respect to the particular defense asserted.  PRGX reserves the right to assert other additional or affirmative defenses and otherwise to supplement this Answer.

### FIRST DEFENSE

Some or all of the Claims should be dismissed for failure to state a claim upon which relief may be granted by this Court.

### SECOND DEFENSE

The Claims are barred to the extent that they are based on actions that occurred outside the applicable statute of limitations.

**THIRD DEFENSE**

Some or all of the Claims are barred by the doctrines of unclean hands, laches, waiver and/or estoppel.

**FOURTH DEFENSE**

Some or all of the Claims are barred to the extent that the doctrines of accord and satisfaction, or release and/or payment apply.

**FIFTH DEFENSE**

Some or all of the Claims are barred because Plaintiff Weber and members of her putative class have been paid all monies to which they are entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

**SIXTH DEFENSE**

Some or all of the Claims are barred because, during the relevant time period to this lawsuit, Plaintiff Weber and members of her putative class performed work that falls within exemptions, exclusions, exceptions or credits provided for in the FLSA, including but not limited to the administrative, executive, professional, computer professional, and/or retail sales exemptions.

**SEVENTH DEFENSE**

Some of the Claims are barred because Plaintiff Weber and members of her putative class do not meet the requirements for a collective action under the FLSA, including but not limited to the requirements that Plaintiff Weber and the members of her putative class be "similarly situated."

**EIGHTH DEFENSE**

Some of the Claims are barred because maintenance of the Claims as a collective action is not consistent with the principles of sound and efficient case management.

**NINTH DEFENSE**

Some of the Claims are barred because Plaintiff Weber and members of her putative class were not subject to a uniform policy, plan, or scheme.

**TENTH DEFENSE**

The Claims for liquidated damages are barred because any acts or omissions giving rise to this lawsuit were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

**ELEVENTH DEFENSE**

The Claims are barred because actions taken in connection with Plaintiff Weber's or members of her putative class's compensation were done in good faith conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and/or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### TWELFTH DEFENSE

Some or all of the Claims are barred to the extent that members of Plaintiff Weber's putative class are or were not employees of PRGX.

### THIRTEENTH DEFENSE

Some or all of the Claims are barred to the extent that they seek recovery for time which is not compensable time (i.e., "hours worked") under the FLSA, including but not limited to the Claims that seek to recover for time which is *de minimis* work time.

### FOURTEENTH DEFENSE

Some or all of the Claims are barred to the extent that PRGX did not "suffer or permit" the alleged overtime work.

### FIFTEENTH DEFENSE

To the extent that any damages were sustained by Plaintiff Weber or members of her putative class (which PRGX denies), any damages should be calculated in accordance with the fixed salary for fluctuating hours.

### SIXTEENTH DEFENSE

To the extent that a violation of the FLSA occurred (which PRGX denies), such violation was unintentional and not willfully done, and, therefore, the Claims should be limited to a time period of two years prior to the time when Plaintiff Weber's or members of her putative class's cause of action accrued.

## SEVENTEENTH DEFENSE

To the extent that any damages were sustained by Plaintiff Weber or members of her putative class (which PRGX denies), any damages should be reduced in whole or in part to the extent that they are subject to an offset.

WHEREFORE, having fully answered all of the allegations contained in Plaintiff's Complaint, PRGX respectfully requests that this Court issue an order granting judgment in PRGX's favor and any relief as this Court deems just and proper.

[*signature on following page*]

Respectfully submitted,


Dated:  January 31, 2012

        TROUTMAN SANDERS LLP

        /s/ James M. McCabe
        Ashley Z. Hager (*admitted pro hac vice*)
        GA Bar No. 784505
        Michael D. Kaufman (*admitted pro hac vice*)
        GA Bar No. 409195
        James M. McCabe (*admitted pro hac vice*)
        GA Bar No. 724618
        600 Peachtree Street, NE Suite 5200
        Atlanta, GA  30308-2216
        Telephone:  404.885.3428
        Facsimile:  404.962.6580
        Email: ashley.hager@troutmansanders.com
        michael.kaufman@troutmansanders.com
        james.mccabe@troutmansanders.com

        AND

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P. C.

        Bruce J. Douglas (23966)
        Ashlee M. Bekish (0389918)
        Wells Fargo Center
        90 South Seventh Street, Suite 3800
        Minneapolis, MN  55402
        Telephone:  612.339.1818
        Facsimile:  612.339.0061
        Email:  bruce.douglas@ogletreedeakins.com
                ashlee.bekish@ogletreedeakins.com


        Attorneys for Defendant
        PRGX USA, Inc.